NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  MERAKI INTEGRATED CIRCUIT (SHENZHEN) TECHNOLOGY, LTD., a Chinese Corporation,**
*Petitioner*

---

2021-180

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-00876-ADA, Judge Alan D. Albright.

---

## ON PETITION

---

## O R D E R

Upon consideration of notification from Meraki Integrated Circuit (Shenzhen) Technology, Ltd. that it "believes that mandamus relief is no longer necessary," ECF No. 20 at 2,

2                    IN RE: MERAKI INTEGRATED CIRCUIT (SHENZHEN)
                                                          TECHNOLOGY

IT IS ORDERED THAT:

The petition for a writ of mandamus is dismissed.

FOR THE COURT

November 15, 2021          /s/ Peter R. Marksteiner
        Date               Peter R. Marksteiner
                           Clerk of Court

s25

NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**In re:  MERAKI INTEGRATED CIRCUIT (SHENZHEN) TECHNOLOGY, LTD., a Chinese Corporation,**
*Petitioner*

---

2021-180

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-00876-ADA, Judge Alan D. Albright.

---

## ON PETITION

---

HUGHES, *Circuit Judge*, concurring.

Meraki Integrated Circuit (Shenzhen) Technology, Ltd. petitioned this court for a writ of mandamus directing the United States District Court for the Western District of Texas to transfer this case to the United States District Court for the Northern District of California. While the petition was pending, the district court reconsidered its earlier order denying transfer, but continued to deny Meraki's request for transfer. We dismiss the current petition. I write separately to note the incongruous findings on jurisdiction in the district court's new order.

Monolithic Power Systems, Inc. (MPS USA) and Chengdu Monolithic Power Systems Co., Ltd. (collectively, Monolithic) brought this suit in the federal district court in Waco, Texas, accusing Meraki of patent infringement, trade secret misappropriation, tortious interference, and unfair competition. Meraki moved to transfer the case under 28 U.S.C. § 1404(a), arguing that the Northern District of California is a more convenient forum.

In its initial order, issued on August 13, 2021, the district court denied the motion. Appx11. It first addressed the threshold requirement for transfer under § 1404(a) that the action "might have been brought" in the Northern District of California. The court recognized that "both parties contest that venue is proper in the NDCA" and that Meraki had reserved "the right to challenge the lack of personal jurisdiction in the NDCA." Appx3–4. The court found that Meraki had satisfied the threshold requirement. It explained that "to the extent that venue is appropriate over Meraki as a foreign corporation in the Western District of Texas, it is appropriate in any judicial district." *Id.* (citing 28 U.S.C. § 1391).

Finding that the threshold requirement had been satisfied, the district court then proceeded to analyze the four public and four private interest factors that traditionally govern transfer determinations. The court agreed with Meraki that the Northern District of California had a greater local interest in resolving this litigation than the Western District of Texas. But it found that the Western District of Texas could better compel unwilling non-party witnesses and could likely adjudicate the case faster. The court determined that the remaining factors were neutral. On balance, the court concluded that Meraki did not show that the transferee venue was clearly more convenient.

Meraki then filed this petition. While this petition was pending, the district court issued an unprompted, amended order on Meraki's transfer motion in light of our court's

"clarifying guidance regarding certain factors relevant to Meraki's Motion." Amended Ord. Denying Meraki's Opposed Motion to Transfer to the U.S. Dist. Ct. for the N. Dist. of Cal., *Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, 6:20-cv-00876-ADA (W.D. Tex. Nov. 5, 2021), ECF No. 87 ("Amended Order"). The Amended Order vacates and supersedes the previous order and denies transfer based on the threshold question rather than the transfer factors. Despite a contrary finding in its original order, the district court now finds that Meraki has not carried its burden of establishing that it is subject to jurisdiction in the Northern District of California, and therefore the threshold requirement has not been met. The Amended Order nonetheless proceeds to re-evaluate the transfer factors "to establish a complete record." Amended Order at 6. Under a proper analysis of the transfer factors as articulated by this court applying Fifth Circuit law, the district court now comes to the correct conclusion that "Meraki has shown that NDCA is clearly more convenient than the Waco division." Amended Order at 18. But because Meraki, according to the district court, failed to satisfy the threshold requirement, the court continues to deny the motion to transfer.

The new order is not before us on this petition, but in the interest of judicial economy, I make the following observations. In its initial order denying transfer, the district court did not find jurisdiction to be an obstacle to transfer. As it reasoned, "to the extent that venue is appropriate over Meraki as a foreign corporation in the Western District of Texas, it is appropriate in any judicial district," and it concluded that "regardless of Meraki's reservation of the right to challenge the lack of personal jurisdiction in the NDCA, this case could have been brought in the NDCA." Appx3–4. Thus, Meraki had carried its burden, for purposes of the venue analysis, that the Northern District of California would have jurisdiction.

Indeed, in a separate order in this same case, the district court found personal jurisdiction appropriate in Texas under a stream-of-commerce approach. Appx18. It reasoned that because Meraki has entered into business with customers with "expansive and nationwide product distribution networks" for goods incorporating Meraki's accused products, "Meraki cannot suggest that it is unaware or should not have known [such] goods . . . are found in the nation's second largest state." Appx18–19. Because that basis for personal jurisdiction would also apply equally to California, the district court appeared to have plausibly concluded that this case could have been brought in the transferee venue.

The district court now inexplicably changes course to find otherwise and deny transfer based on the threshold question—which the court had initially found in favor of Meraki—despite there being no new facts presented in this case. Although it is true that a defendant must demonstrate that jurisdiction would be proper in the transferee district, this is not a situation where jurisdiction might be proper in Texas, but not in California. The district court's own stated basis for jurisdiction over Meraki would apply equally to both districts (or be lacking in both districts), which the district court appeared to concede when it noted that, "to the extent that venue is appropriate over Meraki . . . in the Western District of Texas, it is appropriate in any judicial district." Appx3–4. If the district court's logic in its Amended Order is correct, a foreign defendant who wants to preserve its right to assert lack of jurisdiction would never be able to avail itself of the right to transfer to a clearly more convenient venue.

In its notice to this court of the intervening order, Meraki has also informed us that it intends to seek reconsideration of the district court's amended order. ECF No. 20 at 2. I trust that the district court will fully explain the incongruous findings on jurisdiction in its new order.